IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARQUEZ BREON SPRINGS-         )
OWENS,                         )
                               )
              Petitioner,      )
                               )
        v.                     )        1:24CV610
                               )
STATE OF NORTH CAROLINA, et al., )
                               )
              Respondent.      )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a document entitled

"WRIT OF HABEAS CORPUS FOR RELIEF OF and FROM AN

UNCONSTITUTIONAL TERM OF IMPRISONMENT." Even though Petitioner has not

used the correct forms for a habeas corpus petition under 28 U.S.C. § 2254, it appears that

Petitioner seeks to attack his state court criminal conviction. The document he filed is not

a recognizable method for achieving this goal. Instead, the proper avenue for such an attack

is ordinarily a petition for habeas corpus. For this reason, the Court will construe the

submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in

state custody. For the following reasons, the Petition cannot be further processed.

    1.     The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

    2.     Petitioner did not use the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1]

The Court also notes that the Petition was not filed in a proper district. Under 28 U.S.C. § 2241(d), "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497(1973). In this case, it appears that Petitioner is presently in custody in Greene County, North Carolina, in the Eastern District

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance. Any such filing must be timely and, to the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner.

of North Carolina. It further appears that Petitioner was convicted and sentenced in the Superior Court of Mecklenburg County, within the territorial jurisdiction of the United States District Court for the Western District of North Carolina. Petitioner should seek the proper forms from the Clerk of the Western District and file a habeas petition in that district. The address for the Clerk is: Charles R. Jonas Federal Building, 401 West Trade Street, Room 1200, Charlotte, NC 28202. Further, in accordance with § 2241(d), 28 U.S.C. § 1406(a), and the Joint Order of the United States District Courts for the Eastern, Middle, and Western Districts of North Carolina, a § 2254 Petition filed in this District would be transferred to the United States District Court for the Western District of North Carolina. If Plaintiff files a § 2254 Petition in this District, he should address whether the case should be transferred to the Western District of North Carolina.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

3

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition and is filed in the proper district.

This, the 7th day of August, 2024.

Joi Elizabeth Peake
United States Magistrate Judge